UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID G. GIFFORD,

                              Petitioner,

          - v -                                      9:19-CV-0194
                                                      (GLS/DJS)
M. THOMS, *Superintendent*,[1]

                              Respondent.

**APPEARANCES:**                          **OF COUNSEL:**

DAVID GIFFORD
Petitioner *Pro Se*
16-B-0799
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA JAMES                        LISA FLEISCHMANN, ESQ.
Attorney General of the State of New York PAUL B. LYONS, ESQ.
Attorney for Respondent                   Assistant Attorneys General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Petitioner was incarcerated at Five Points Correctional Facility at the time he filed his Petition. *See* Pet. According to the New York State Department of Corrections and Community Supervision Inmate Lookup Service, he was released to parole on July 3, 2020. *See* Inmate Lookup, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, http://nysdoccslookup.doccs.ny.gov (last visited Aug. 6, 2020). He is therefore no longer in the custody of Respondent Thoms. At the time of filing, however, Thoms was the properly named respondent. *See Ortiz v. Martuscello*, 2018 WL 10468148, at *1 n. 1 (S.D.N.Y. Aug. 23, 2018) (collecting cases). Accordingly, the Court treats Respondent as properly named. *Id.* In addition, Petitioner's status on release to parole does not moot his *habeas* petition, as his petition could potentially impact that parole, and because he remains subject to collateral consequences from his conviction. *See id.* (collecting cases).

## REPORT-RECOMMENDATION and ORDER[2]

*Pro se* Petitioner David Gifford was convicted of willfully violating the terms of his probation.  Dkt. No. 9-1, State Court Record ("SR") at pp. 49-69.[3]  Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the ground that his "resentencing . . . was illegal or otherwise inappropriate as a matter of law and violated Petitioner's Due Process Rights[.]" Dkt. No. 1, Petition ("Pet.") at p. 4.[4]   Respondent has filed a Memorandum of Law in Opposition to the Petition.  Dkt. No. 7, Resp. Mem. of Law. Petitioner has filed a Traverse.  Dkt. No. 15, Traverse ("Trav.").  For the reasons that follow, this Court recommends that the Petition be **denied.**

## I.  BACKGROUND

On June 5, 2009, Petitioner was indicted by an Otsego County grand jury on one count of Driving While Intoxicated ("DWI"), a Class D felony under New York Vehicle and Traffic Law § 1992(3).  SR at p. 1.  Thereafter, Petitioner's counsel sent the prosecutor an offer to accept a plea to DWI as a Class E felony.  *Id.* at p. 3.

On January 28, 2010, the Otsego County Court held a plea hearing at which Petitioner appeared with counsel.  *Id.* at p. 4.  At that hearing, Petitioner pled guilty to DWI as a Class D felony in exchange for an agreed-upon sentence of five years' probation, with the specific condition that Petitioner successfully complete the Delaware

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] Citation to the state court record is in the form "SR" followed by the Bates numbering at the bottom of each page of the record.

[4] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

County Treatment Court. *Id.* at pp. 5 and 14. The plea agreement also provided that if Petitioner was not accepted into the drug court program or "somehow sabotaged his admission into that program," he would be sentenced to 1 to 3 years' imprisonment and would not be sentenced as a persistent felony offender. *Id.* at pp. 5-6. Additionally, if Petitioner was admitted into the program but failed to successfully complete it, he would be sentenced to 1-1/3 to 4 years' imprisonment. *Id.* at p. 6. After the terms of the plea agreement were set forth, Petitioner indicated that he understood the agreement, had discussed the advantages and disadvantages of the plea with his attorney, and had no further questions regarding the agreement's terms. *Id.* at pp. 6-7.

On April 9, 2010, Petitioner again appeared with counsel in County Court, this time for his sentencing. *Id.* at p. 21. At that hearing, the court ordered that Petitioner serve a period of five years' probation and that he "participate in and successfully complete a Drug Treatment Court in [his] home county[,]" which in Petitioner's case was Delaware County. *Id.* at p. 24. Petitioner indicated to the court that he had been accepted into the drug treatment program and had been attending sessions for five or six weeks. *Id.* at pp. 24-25.

On the same date, Petitioner signed the Otsego County Probation Department Order and Conditions of Adult Probation. *Id.* at pp. 16-20. That document set forth a number of conditions unrelated to the drug treatment program mandating that Petitioner, among other things, report to a probation officer as directed; receive permission before changing his mailing and physical address; and abstain from the use of narcotics, dangerous drugs, barbiturates, or marijuana. *Id.* at pp. 16-20. Importantly, the Order also

provided that if Petitioner violated any of the conditions of probation, the County Court was authorized to revoke his probation and resentence Petitioner to "the maximum allowed under the law." *Id.* at p. 20.

On April 29, 2010, the County Court sent a letter to each of the parties informing them that it had been advised that Petitioner's sentence was "in conflict with the policies of the Delaware County Treatment Court." *Id.* at p. 30. Specifically, the County Court instructed, the Delaware County Treatment Court required that participants who fail out of the program be resentenced to the maximum allowed under the law—in Petitioner's case, 2-1/3 to 7 years' imprisonment. *Id.* The terms of Petitioner's plea agreement were inconsistent with this requirement, as they promised Petitioner a sentence of 1-1/3 to 4 years' imprisonment in the event that he failed out of the Treatment Court. *Id.* Accordingly, in an effort to allow Petitioner to participate in the Treatment Court program and avoid an immediate term of imprisonment, the County Court directed Petitioner to reappear in that court "to discuss the possibility of re-sentencing him[.]" *Id.* Petitioner's counsel responded on May 5, 2010, stating that "[a]s part of the plea bargain, I specifically negotiated the drug court contract and intentionally negotiated around the maximum sentencing provisions." *Id.* at p. 31.

Nonetheless, the County Court held two conferences to discuss the matter—the first on May 14, 2010 and the second on June 11. *Id.* at p. 189. After Petitioner failed to appear at both hearings, the County Court issued a bench warrant for his arrest. *Id.* at pp. 35-38. By Petitioner's own admission, he absconded "[o]n or about June 1, 2010[.]". Pet. at p. 5. On September 15, 2010, the County Court issued a Declaration of Delinquency

for Violation of Probation, which indicated that Petitioner had violated probation by failing to report to the probation departments of either Otsego or Delaware Counties, failing to receive permission before changing his mailing and physical address or place of employment, and testing positive for marijuana use.  SR at pp. 39-41.

Over five years later, on November 9, 2015, Petitioner was re-arrested pursuant to the bench warrant and arraigned on his violation of probation.  *Id.* at pp. 42-45 & 183. After Petitioner rejected a plea offer to admit to the alleged violation, the County Court held a probation violation hearing, at which Petitioner testified, on January 15, 2016.  *Id.* at pp. 46-69.  At the conclusion of that hearing, the court found that Petitioner willfully violated the conditions of his probation by failing to: return to court as directed, keep the probation department advised of his whereabouts, and receive permission before leaving the jurisdiction.  *Id.* at p. 69.  Finally, on March 4, 2016, the County Court resentenced Petitioner to 2-1/3 to 7 years' imprisonment on the original DWI conviction.  *Id.* at pp. 70-75.

Petitioner then filed a *pro se* motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, in which Petitioner argued that: (1) he received ineffective assistance of counsel at his resentencing, and (2) his resentencing was illegal because it violated double jeopardy.  *Id.* at pp. 125-38.  The County Court denied Petitioner's 440.20 motion, holding that "[t]he sentence imposed did not exceed the sentence that could have been originally imposed[,]" and there was no legal support for Petitioner's claim that the sentence was illegally imposed.  *Id.* at pp. 189-90.

The Appellate Division, Third Department subsequently granted leave to appeal the County Court's 440.20 order and consolidated that appeal with Petitioner's direct appeal from the resentencing order. *Id.* at pp. 262-64. On appeal, in addition to reasserting the arguments that he raised in his 440.20 motion, Petitioner argued that his resentencing was harsh and excessive. *Id.* at pp. 384-99. Petitioner filed a supplemental *pro se* brief, in which he argued that: (1) his due process rights were violated, and his guilty plea was not intelligent, knowing, and voluntary, because he was not informed that he could receive the maximum sentence if he violated conditions of probation; (2) his attorneys who negotiated the original plea agreement and handled the resentencing rendered ineffective assistance; and (3) his sentence was illegally imposed because it violated the terms of his initial plea agreement. *Id.* at pp. 461-78.

On April 19, 2018, the Appellate Division unanimously affirmed the County Court's resentencing order, as well as the County Court's order denying Petitioner's 440.20 motion. *People v. Gifford*, 160 A.D.3d 1211, 1211-12 (3d Dep't 2018). The Appellate Division summarized its holding as follows:

> Contrary to [Petitioner's] argument, County Court did not impose an enhanced sentence upon his original plea but, rather, imposed a new sentence upon revoking his probation. The prior plea discussions did not bind the court, as they did not address [Petitioner's] eventual violation of conditions of probation unrelated to the drug court program.

*Id.* at 1212. The Appellate Division rejected Petitioner's argument that the sentence imposed was harsh and excessive due to its findings that "the crime at issue represents [Petitioner's] eighth conviction for driving while intoxicated, [Petitioner] absconded from the state before ever reporting for probation and he was arrested in multiple states in the

interim[.]"  *Id.*  The Appellate Division also held that the County Court was correct to deny Petitioner's motion to set aside his sentence because "he failed to demonstrate that the sentence imposed was 'unauthorized, illegally imposed or otherwise invalid as a matter of law[.]'"  *Id.* (quoting N.Y. Crim. Proc. Law § 440.20 (1995)).  Finally, the Appellate Division noted that Petitioner's remaining arguments "ha[d] been examined and found to be lacking in merit."  *Id.*  On September 13, 2018, the New York Court of Appeals denied leave to appeal.  *People v. Gifford*, 32 N.Y.3d 1003 (2018).

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003).  A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

7

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts."  *Id.* at 413.  A state court decision is an "unreasonable application" of  established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  AEDPA also requires that "a determination of a factual issue made by a State

court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

Petitioner claims that his due process rights were violated because (1) his plea agreement was violated given the sentence imposed upon him in 2016 and (2) said sentence was harsh and excessive.   *See generally* Pet.   The Court will consider each argument in turn.

### A. Alleged Plea Agreement Violation

To meet his burden, Petitioner must prove that the Appellate Division's conclusion that Petitioner's resentencing did not violate the terms of his plea agreement "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"   28 U.S.C. § 2254(d)(1); *see also Hawkins v. Costello*, 460 F.3d at 242.

Petitioner has failed to cite to any Supreme Court case that would entitle him to relief.   *See generally* Pet., Trav.   Petitioner does cite to *Santobello v. New York*, 404 U.S. 257, 262 (1971) for the proposition that "whatever promises the government makes in the course of a plea agreement to induce a guilty plea must be fulfilled."   Pet. at p. 4. However, *Santobello* provides no basis for relief where, as here, the government has fulfilled all of the promises that it made to Petitioner during the course of the plea negotiations.   Petitioner was informed at his plea hearing as well as at his original

sentencing that as part of the plea agreement, Petitioner would be sentenced to five years' probation.  SR at pp. 5 & 24.  Consistent with the plea agreement, five years' probation was the sentence that Petitioner initially received upon his DWI conviction.  *Id.* at p. 24.

Petitioner also cites to several Supreme Court decisions that emphasize the importance that guilty pleas be entered voluntarily and knowingly.  *See* Pet. at pp. 5 & 9 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970); *McMann v. Richardson*, 397 U.S. 759, 766 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Puckett v. United States*, 556 U.S. 129, 136-37 (2009)).  Yet in arguing in opposition to vacatur of his plea, Petitioner explicitly renounces any claim that his resentencing rendered his original plea involuntary or unknowing.  *Id.* at p. 9.

It is well settled that in New York, when a criminal defendant is sentenced to a term of probation pursuant to a plea deal, "[u]pon a finding that defendant has violated probation, the court is authorized to revoke probation and sentence defendant for the original crime."  *People v. Barnes*, 159 A.D.3d 1001, 1002 (2d Dep't 2018) (quoting *People v. Hobson*, 43 A.D.3d 1179, 1180 (2d Dep't 2007)) (citing N.Y. Crim. Proc. Law § 410.70(5) (2014)).  The parties have not identified, nor has the Court found, a Supreme Court decision rendering this rule unlawful such that would it entitle Petitioner to relief.  *See* Resp. Mem. of Law at pp. 18-19.  "Where, as here, none of [the Supreme Court's] prior decisions clearly entitles [Petitioner] to the relief he seeks, the 'state court's decision could not be "contrary to" any holding from [the Supreme Court].'"  *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. 312, 317 (2015)

(*per curiam*)).  Thus, the Appellate Division's conclusion in this case could not have been contrary to established Supreme Court precedent.

Even if the Appellate Division's conclusion is considered a finding of fact, Petitioner's claim still must fail because the Appellate Division's construction of the plea agreement did not constitute "an unreasonable determination of the facts in light of the evidence" before it.  *See* 28 U.S.C. § 2254(d).  The Appellate Division held that the resentencing court was not bound by the plea discussions relating to the drug treatment program, as those discussions "did not address [Petitioner's] eventual violation of conditions of probation unrelated to the drug court program."  SR at p. 525.  Petitioner now asserts that the Appellate Division erred in so holding, and that the resentencing court breached the plea agreement by sentencing Petitioner to 2-1/3 to 7 years' imprisonment rather than to 1 to 3 years' imprisonment, the sentence promised to Petitioner if he were to be rejected by the treatment program.  Pet. at p. 7; Trav. at pp. 15-16.  Accordingly, the issue is whether Petitioner has established by clear and convincing evidence that the County Court breached the terms of the plea agreement by resentencing Petitioner to 2-1/3 to 7 years' imprisonment.  *See* 28 U.S.C. § 2254(e)(1).

Petitioner claims that his sentence was illegally imposed because he was not made aware of the possibility that he could be sentenced to 2-1/3 to 7 years if he were to violate the terms of his probation.  *See* Pet. at pp. 3-4.  According to Petitioner's understanding, the only terms of imprisonment that could be imposed under the plea agreement were either 1 to 3 or 1-1/3 to 4 years.  *Id.* at p. 4.   After indicating at his sentencing that he had no questions regarding his sentence, Petitioner proceeded to sign the conditions of

probation.  *Id.* at pp. 20 & 25.  The conditions of probation, however, explicitly stated that if Petitioner were to violate any of the conditions, the County Court would be authorized to "revoke the sentence and re-sentence [Petitioner] to the maximum allowed under the law[,]" which in Petitioner's case was a term of imprisonment of 2-1/3 to 7 years.  *Id.* at p. 20; *see also* N.Y. Penal Law §§ 70.00(1), (2)(d), (3)(b) (2019).  Thus, Petitioner was put on notice that his eventual violation of probation conditions unrelated to the drug treatment program could result in a more severe punishment than the specified terms of imprisonment pertaining to the drug treatment program.

Moreover, even if Petitioner misunderstood the plea agreement, plea agreements are not construed pursuant to the subjective understanding of one of the parties.  *Mask v. McGuiness*, 252 F.3d 85, 90 (2d Cir. 2001).  Rather, to determine whether there has been a breach of Petitioner's plea agreement, the Court must look "to what the parties reasonably understood to be the terms of the agreement."  *United States v. Taylor*, 961 F.3d 68, 81 (quoting *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005)).

Here, the parties reasonably understood that under the terms of the plea agreement, Petitioner would be sentenced to five years' probation, with the specific condition that Petitioner complete drug Treatment Court. SR at p. 5.  The plea agreement also contained specified terms of imprisonment that would be imposed if Petitioner was not admitted to the Treatment Court or failed to successfully complete the program.  *Id.* at pp. 5-6.  However, as the Appellate Division noted, those plea discussions did not address Petitioner's eventual violation of conditions unrelated to the drug treatment program.  *Id.* at pp. 5-6 & 525.  The conditions of probation that Petitioner signed at his original

sentencing described a litany of possible probation violations that were wholly unconnected to Petitioner's completion of the drug court program and thus were not subject to the yearly terms related to that program but rather by "the maximum allowed under the law." *Id.* at pp. 16-20. Petitioner's counsel that negotiated the plea agreement must have understood as much, as his letter to the County Court stated, "[a]s part of the plea bargain, I specifically negotiated the drug court contract and intentionally negotiated around the maximum sentencing provisions[,]" indicating counsel's understanding that the specified sentences described in the plea discussions pertained solely to the drug treatment program and not to potential violations of other probation conditions. *Id.* at p. 31. Thus, the parties reasonably understood that under the terms of the plea agreement, Petitioner could be sentenced to a term of imprisonment that exceeded the terms mentioned in the plea discussions if he violated conditions of probation other than by failing to complete the drug court program.

Petitioner makes much of the County Court's use of the term "sabotage" in an apparent effort to show that by absconding, Petitioner sabotaged his admission into the drug court program and therefore should have been sentenced to 1 to 3 years' imprisonment upon his re-arrest in 2015. Pet. at pp. 3-4 & 6; Trav. at pp. 7-8, 11-12 & 14-18. However, the County Court used the term "sabotage" once in an offhand remark meant to clarify the terms of the drug court contract. SR at p. 6. Importantly, as previously discussed, that plea discussion still did not address Petitioner's eventual violation of probation conditions unrelated to the drug treatment program. *Id.* at pp. 4-14. The County Court ultimately found that Petitioner willfully violated multiple

conditions of his probation by failing to return to court as directed, failing to keep probation advised of his address, and leaving the jurisdiction of the court without permission. *Id.* at p. 69. Those violations were not governed by the specified terms of imprisonment relating to Petitioner's drug court participation, but rather were subject to "the maximum sentence allowed under the law." *Id.* at pp. 16-20. The County Court in no way indicated that if Petitioner violated one of those other conditions, such an act would be deemed the equivalent of not being admitted into the drug court program, which would have entitled Petitioner to the 1 to 3 years' imprisonment promised to him under the plea agreement. *Id.* at pp. 4-14.

Petitioner has provided no evidence, other than his own subjective understanding of the plea agreement, that the Appellate Division misconstrued the plea agreement in holding that the County Court did not breach the agreement by resentencing Petitioner to 2-1/3 to 7 years' imprisonment. Therefore, Petitioner has not rebutted the presumption that the Appellate Division's interpretation of the plea agreement is correct by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### B. Harsh and Excessive Claim

Liberally construing Petitioner's allegations, he also asserts a claim that the sentence imposed upon him in 2016 was harsh and excessive. *See generally* Pet. The Appellate Division rejected this argument on the grounds that the crime at issue constitutes Petitioner's eighth conviction for driving while intoxicated, Petitioner absconded from the state before reporting to probation, and he was arrested multiple times before eventually returning to New York. SR at p. 525.

It is well settled that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, Petitioner pled guilty to driving while intoxicated as a class D felony. SR at pp. 5 & 14. New York state law allows for a maximum penalty of 2-1/3 to 7 years' imprisonment - the sentence that Petitioner ultimately received upon revocation of his probation - for a class D felony. N.Y. Penal Law §§ 70.00(1), (2)(d), (3)(b) (McKinney 2019). *See also* SR at p. 73. Therefore, Petitioner's claim that his sentence is harsh and excessive is not cognizable under federal habeas review. *See White v. Keane*, 969 F.2d at 1383.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 11, 2020
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

16